# John Culbertson and John Finch, plaintiffs in error, *vs.* John J. Tomlinson, defendant in error.

## *Error to Cedar.*

Where a suit is brought upon a bond, in which the penalty is beyond the amount of a justice's jurisdiction, the case is cognizable before him, if the amount claimed does not exceed fifty dollars.

Where the action appears to be substantially brought upon a penal bond before a justice of the peace, although a bill of particulars for unliquidated damages may be filed, it will be regarded as regular; the proceedings before justices not being limited to strict technical rules.

This was an action of debt, brought by Tomlinson against Culbertson & Finch, before a justice of the peace, on an attachment bond, with a penalty of one hundred dollars. The debt claimed was fifty dollars. The defendants moved for a non suit, on the ground that the bond was for an amount above the justice's jurisdiction; which was granted.

The plaintiff appealed to the District Court, and a verdict and judgment was had for the plaintiff, for the sum of one dollar, at April term, 1843.

On the trial the defendants objected to the admission of the bond in

evidence, which was overruled, and the bond permitted to be read to the jury.

The defendants below, sued out a writ of error from this court.

Lowe & Cook, for plaintiffs in error.

Carleton, for defendant in error.

Per Curiam, Mason, Chief Justice.—One of the objections taken by the plaintiffs in error, in this case is, that if the action is considered as being brought upon the bond, the case was not within the jurisdiction of a justice of the peace.  Such jurisdiction is limited to cases where the " debt or sum claimed " does not exceed fifty dollars.  In this case the *sum claimed* was only fifty dollars, and although the penalty of the bond was for a larger amount, we think there was no excess of jurisdiction.  See Hall vs. Biever, decided at the July term, 1841.

But it is said that the action was not brought upon the bond, but for unliquidated damages, and therefore debt would not lie.  We must not limit the proceedings before justices of the peace, to strict technical rules. The action seems to have been substantially brought upon the bond, which is all that was necessary.

Judgment affirmed.